OPINION
{¶ 1} Defendant-Appellant Shanna Kreglow appeals from her sentences imposed following revocation of community control sanctions. Kreglow argues that the trial court did not make the findings required for, and did not provide the statement of its reasons required for, maximum, consecutive sentences. We conclude that the trial court did make the necessary findings and did provide the required statement of its reasons, and that the record supports them. Kreglow also contends that the sentences imposed place an undue burden on the State's finances. We disagree. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Kreglow was indicted on one count of Possession of Heroin and one count of Tampering with Evidence. She was also charged by bill of information with one count of Obstructing Justice. She pled guilty to the Possession of Heroin and Obstructing Justice charges, and in return the State dismissed the Tampering with Evidence charge.
 {¶ 3} Kreglow was sentenced to three years of community control, to be served following her imminent release from prison, where she was serving a sentence in another case. The court warned Kreglow that if community control was revoked, consecutive twelve-month sentences would be imposed for each charge, to be served consecutively to an additional sentence ordered in another case in Logan County. Kreglow did not object to her sentence, nor did she file a direct appeal from either her convictions or her sentence.
 {¶ 4} Within a year, Kreglow violated several of the conditions of her community control, and the trial court vacated the community control sanctions and imposed the consecutive twelve-month sentences that the court had promised Kreglow, when she was initially sentenced, would be imposed in that eventuality. Kreglow appeals from the consecutive twelve-month sentences.
 II {¶ 5} Kreglow's First Assignment of Error is as follows:
 {¶ 6} "THE COURT ERRED BY SENTENCING MS. KREGLOW TO THE LONGEST SENTENCE FOR A FELONY OF THE FIFTH DEGREE WITH RESPECT TO EACH OF THE TWO COUNTS."
 {¶ 7} Kreglow's Second Assignment of Error is as follows:
 {¶ 8} "THE COURT ERRED BY ORDERING THE SENTENCES TO BE CONSECUTIVE TO EACH OTHER."
 {¶ 9} In her First Assignment of Error, Kreglow argues that the trial court erred in sentencing her to maximum sentences. Kreglow maintains in her Second Assignment of Error that the trial court should not have ordered that her sentences be served consecutively. However, because the trial court made the statutorily required findings to support maximum, concurrent sentences, we disagree with both claims.
 {¶ 10} Pursuant to R.C. § 2929.14(C), a trial court may impose a maximum sentence when the court finds on the record that the offender committed the worst form of the offense or that the offender poses the greatest likelihood of committing future crimes. Although only one of those findings was necessary, the trial court made both findings in this case.
 {¶ 11} The trial court explained at length that maximum sentences were warranted because Kreglow had a lengthy history of criminal drug charges in several counties, and because she had committed additional offenses while on community control. Kreglow had not responded favorably to earlier sanctions imposed against her. Moreover, Kreglow had been unsuccessful at treatment for drug and alcohol abuse despite the connection between her substance abuse and her crimes. Finally, Kreglow showed no remorse for her crimes. For these reasons, the court concluded that she had committed the worst form of the offense and that she presents the greatest likelihood of committing future crimes. Therefore, the trial court made the requisite findings to support maximum sentences.
 {¶ 12} Pursuant to R.C. § 2929.14(E)(4):
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as any part of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Additionally, R.C. § 2929.19(B)(2)(c) requires a trial court to state reasons for imposing consecutive sentences. When determining whether consecutive sentences are warranted, a trial court has the discretion to determine the weight to assign to any particular statutory factor. State v. Arnett, 88 Ohio St.3d 208-, 215-16, 2000-Ohio-302. Moreover, the trial court may rely on reliable hearsay, such as the information contained within a pre-sentence investigation report. Evid.R. 101(C); State v. Cook, 83 Ohio St.3d 404, 425, 1998-Ohio-291.
 {¶ 18} As thoroughly explained by the court and detailed in Kreglow's pre-sentence investigation report, Kreglow has a history of drug and alcohol abuse, for which she refuses meaningful treatment. Her substance abuse has prompted her to develop a growing criminal history for possession of various drugs in several different counties, with each charge becoming progressively more serious. Kreglow has not been cooperative with either the courts or with probation departments. Accordingly, the trial court concluded that "consecutive sentences are necessary to protect the public, necessary to punish the Defendant, and are not disproportionate to the seriousness of Defendant's conduct and to the danger Defendant poses to the public." Additionally, the Court concluded that the harm caused by Kreglow was so great or unusual that a single term would not adequately reflect the seriousness of the conduct. Therefore, the trial court made the proper findings to support consecutive sentences.
 {¶ 19} For these reasons, the trial court made the statutorily mandated findings to support both maximum and consecutive sentences. Accordingly, Kreglow's First and Second assignments of error are overruled.
 "III {¶ 20} Kreglow's Third Assignment of Error is as follows:
 {¶ 21} "THE COURT'S SENTENCES PLACE AN UNNECESSARY BURDEN ON STATE RESOURCES."
 {¶ 22} In her Third Assignment of Error, Kreglow argues that her sentence was excessive because it would impose an unnecessary burden on State and local resources in violation of R.C. § 2929.13(A). In support, Kreglow claims in part that the State should not have to bear the burden of the expenses of her treatment for Hepatitis C, which she contracted through her drug use. However, this line of reasoning is faulty because it would effectively preclude incarceration for most offenders with chronic medical conditions of all kinds.
 {¶ 23} Kreglow also points out that her children might become a financial burden on the State if she is incarcerated. We have no way of knowing whether this is true, but in any event, that possibility does not eliminate the need for Kreglow to take responsibility for her actions. Unfortunately, children often bear the brunt of the effect of their parents' poor decisions.
 {¶ 24} Additionally, Kreglow presents a lengthy, speculative scenario that assumes that she will not be offered treatment for her drug abuse while she is in prison, resulting in her continued drain on society after she is released. Knowing that drug treatment is available, we reject this assumption. Ultimately, the decision to avail herself of treatment is up to Kreglow. She must work to cure her addiction; nobody else can do it for her. Therefore, any future drain on public resources that Kreglow may impose would be the result of her own future decisions, not the result of her incarceration.
 {¶ 25} The trial court specifically found that Kreglow's maximum, consecutive sentences would not impose an unnecessary burden on state or local resources. We agree with that conclusion. Kreglow's Third Assignment of Error is overruled.
 IV {¶ 26} All of Kreglow's assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff, and Donovan, JJ., concur.